IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-14-347-D |
| ) | |
| ROBERT W. ARNOLD, and ) | |
| ROBYN R. ARNOLD, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court are Motions to Sever [Doc. Nos. 57, 60] filed by Defendants Robyn R. Arnold and Robert W. Arnold, respectively. The government has filed a joint response [Doc. No. 68] and the motions are now at issue.

**I.      Background**

Defendants Robyn Arnold and Robert W. Arnold, along with co-defendants Richard M. Arnold Sr. and Richard M. Arnold II, are charged in Count 1 of the Indictment with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Defendant Robert W. Arnold is also charged in Count 9 of the Indictment with wire fraud in violation of 18 U.S.C. § 1343.

The conspiracy is alleged to have occurred during the time frame May 2013 through April 2014. The conspiracy and wire-fraud violations arise out of a car-buying scheme. Defendants are alleged to have arranged for individuals to finance purchases of new cars at dealerships in the Western District of Oklahoma that generated large rebates. Defendants then caused the individuals to give those rebates to Defendants based on false representations that a charitable trust would make the individuals' monthly car payments for the length of the loan.

## II. Standard Governing Severance

Under Rule 14(a) of the Federal Rules of Criminal Procedure, it is well established that "[t]he decision whether to grant or deny severance is within the sound discretion of the trial court." *United States v. Janus Indus.* 48 F.3d 1548, 1557 (10th Cir. 1995). Defendants indicted together should be tried in the same trial absent a strong showing of prejudice. *United States v. Scott,* 37 F.3d 1564, 1579 (10th Cir.1994) (emphasis added). "Joint trials of defendants who are indicted together are preferred because '[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Hall,* 473 F.3d 1295, 1301-02 (10th Cir. 2007) (*quoting Zafiro v. United States*, 506 U.S. 534, 537 (1993)). If joinder appears to prejudice a defendant, the court "*may* order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *Hall*, 473 F.3d at 1302 (*citing* Fed. R. Crim. P. 14(a)).

Under Tenth Circuit precedent:

> "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933. "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir.1984).

*Hall*, 473 F.3d at 1302. In conspiracy trials such as the instant case, there is a presumption that coconspirators should be tried together. *United States v. Wardell*, 591 F.3d 1279, 1299 (10th Cir. 2009). Further, in deciding a motion for severance, "the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." *Janus*, 48 F.3d at 1557 (citation omitted).

**III.     Discussion**

Defendant Robyn R. Arnold identifies three reasons that severance is warranted. First, she contends that the testimony of Richard M. Arnold, Sr. is a key part of her defense and that if he does not testify at trial, she will be forced to comment on his failure to testify as well as the strength of the evidence against him as compared to the lack of evidence against her. The Tenth Circuit has rejected this argument as a ground for severance. *See United States v. Espinosa*, 771 F.2d 1382, 1409 & n. 35 (10th Cir. 1985) (finding Tenth Circuit precedent precluded severance on grounds argued by defendant that "severance was required to protect both his attorney's duty to comment upon the co-defendant's failure to testify and his co-defendant's conflicting right to remain silent during trial") (*citing United States v. McClure*, 734 F.2d 484, 491 (10th Cir. 1984)).[1]

Second, Defendant Robyn Arnold contends she will likely place blame on Mr. Arnold for the crimes with which she is charged creating a mutually antagonistic defense. "[I]n considering whether to grant a motion to sever, the trial court must determine whether the defenses are so antagonistic that they are mutually exclusive." *United States v. Thornburgh*, 645 F.3d 1197, 1212 (10th Cir. 2011) (citations omitted). However, mutually antagonistic defenses are not per se prejudicial and, therefore, a defendant must show "a serious risk that a joint trial would compromise

---

[1]As the Tenth Circuit stated in *McClure*, this holding "does not impair a defendant's sixth amendment confrontation rights." *Id*. at 491. "Should a defendant seek to lay blame upon a nontestifying codefendant, he can always take the stand and testify against him. Such testimony would be entitled to great probative value; a jury's decision resting upon this evidence would, in our view, rise to a fairer level than one influenced by self-serving implications drawn by an attorney regarding a codefendant's silence." *Id*. Moreover, the assertion "of the Fifth Amendment privilege 'is properly no part of the evidence submitted to the jury, and no inferences whatever can be legitimately drawn from them from the legal assertion by the witness of his constitutional right.'" *Id*. (*quoting Johnson v. United States*, 318 U.S. 189, 196 (1943)).

a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence. *Id.* (citations omitted). Defendant Robyn Arnold fails to identify a specific trial right or explain how the claimed conflict between her defensive strategy and Defendant Richard Arnold, Sr.'s strategy would prevent the jury from making a reliable determination about guilt.

Third, Defendant Arnold contends she is prejudiced by joinder because markedly different degrees of culpability exist. Without more, however, this argument lacks sufficient weight to warrant a severance. *See, e.g.,Wardell*, 591 F.3d at 1300 ("[T]he nearly *insuperable rule* in this circuit is that a defendant cannot obtain severance simply by showing that the evidence against a co-defendant is more damaging than the evidence against herself") (citation omitted) (emphasis added); *see also United States v. Hack*, 782 F.2d 862, 871 (10th Cir. 1986) ("[A] mere disparity in the evidence from a quantitative standpoint against each defendant in a conspiracy case, without more, provides no justification for severance."). Moreover, the Court can negate the risk of prejudice through appropriate limiting instructions at trial. *Wardell*, 591 F.3d at 1301. For these reasons, Defendant Robyn R. Arnold's motion to sever is denied.

Defendant Robert W. Arnold has also moved for severance. He makes substantially identical arguments to those raised by Defendant Robyn R. Arnold. He claims his defense is "irreconcilably antagonistic" to that of his codefendants, and that he will be prejudiced "by reason of the greater quantum of evidence to be adduced against his codefendants." *See* Defendant Robert W. Arnold's Motion at 3. But Defendant does not identify with any specificity the nature of the prejudice he might suffer or indicate the prejudice is so great as to warrant a severance. Based on the Court's analysis set forth above, Defendant Robert W. Arnold similarly has not demonstrated a severance is warranted.

4

Defendant Robert W. Arnold does make one additional argument, contending that the testimony of his father and co-defendant, Richard Arnold, Sr., is critical to his defense and that there is a stronger likelihood that Mr. Arnold, Sr. would testify in a separate trial where "his freedom is not at stake as it would be in a joint trial." *See id*. He contends the same is true as to the other co-defendants and that he will be denied this exculpatory evidence in a joint trial.

The Tenth Circuit has identified a nonexhaustive list of factors (the "*McConnell* factors") to determine whether severance is required based on the need for testimony by a co-defendant: "1) the likelihood that the co-defendant would in fact testify at the movant's severed trial and waive his Fifth Amendment privilege; 2) the significance of the testimony in relation to the defendant's theory of defense; 3) the exculpatory nature and effect of such testimony; 4) the likelihood that the co-defendant's testimony would be impeached; 5) the extent of prejudice caused by the absence of the testimony; 6) the effect of a severance on judicial administration and economy; [and] 7) the timeliness of the motion." *United States v. Pursley*, 577 F.3d 1204, 1215-16 (10th Cir. 2009) (*quoting United States v. McConnell*, 749 F.2d 1441, 1445 (10th Cir. 1984)).

Defendant Arnold's argument is based on nothing but speculation and conjecture and is insufficient to support the burden required to establish that severance is warranted. He does not provide an affidavit from Defendant Richard M. Arnold, Sr. to validate his assertion, *i.e.*, "expressing an intention to invoke [his] Fifth Amendment privilege in a joint trial" or "stating that [he] would testify in a severed trial." *Pursley*, 577 F.3d at 1216. As the Tenth Circuit held in *Pursley,* without such affidavit or other support, the request for severance is too speculative. *Id*.

In sum, the Court concludes that Defendants have not met their heavy burden of demonstrating a severance is warranted under the circumstances argued. Moreover, the preference

5

for joint trials and the policy underlying that preference directs that in this case, where overlapping evidence exists against Defendants, a joint trial is proper.

IT IS THEREFORE ORDERED that the Motions to Sever [Doc. Nos. 57, 60] of Defendants Robyn R. Arnold and Robert W. Arnold are DENIED.

IT IS SO ORDERED this 31st day of March, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE