# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-347-D |
| | ) | |
| ROBERT W. ARNOLD, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant Robert W. Arnold's motion in limine [Doc. No. 134] requesting an order prohibiting the introduction of evidence related to (1) "[t]he government referring to the alleged schemed as "car fraud scheme without using the words 'alleged' or charged in front of the aforementioned phrase" and (2) hearsay evidence by John Haley. The government has responded [Doc. No. 139] and the matter is ready for decision.

Defendant contends that if the government references a "car fraud scheme" during trial, it must only be permitted to do so if the word "alleged" or "charged" is included in the reference. Defendant contends that failure to incorporate the word "alleged" or "charged" would be unduly prejudicial. In response, the government contends the Court's opening instructions to the jury, and in particular, an instruction regarding the presumption of innocence and the government's burden of proof, makes the proposed modifier requested by Defendant redundant and unnecessary. The government further contends that "it would be difficult to follow [such a requirement] given the number of witnesses testifying and their anticipated testimony regarding the car fraud scheme." *See* Response at p. 1.

The Court finds Defendant will not be unduly prejudiced if the government makes reference to the car fraud scheme without including the modifiers "alleged" or "charged." The Court's

instructions to the jury will make clear that Defendant is only charged with the crimes at issue, is presumed innocent, and is not guilty of any crime charged unless the government meets its burden of proof under the beyond a reasonable doubt standard. Moreover, given the frequency with which the Court anticipates the phrase may necessarily be used during the course of the trial, it would be burdensome for the Court to enforce, and the parties and the witnesses to abide by, such a ruling as requested by Defendant. Because no danger of unfair prejudice exists, therefore, Defendant's motion is denied.

Defendant next seeks a ruling from the Court to prohibit the government "from eliciting testimony or comments from alleged victim John Haley that Robert Arnold defrauded, tricked, or committed fraud upon Fiscus and/or twelve or more of his family members" or "any statements that John Haley learned Keifer Fiscus was also a victim of Mr. Arnold and/or that Kiefer Fiscus had 12 other family members victimized by Mr. Arnold." *See* Motion at 2. Defendant contends such testimony and/or statements are inadmissible hearsay and unduly prejudicial.

In response, the government states that it "does not anticipate that it will elicit improper hearsay testimony from Mr. Haley and, therefore does not oppose Mr. Arnold's request." *See* Response at p. 2. The government clarifies, however, that the government may ask Mr. Haley about "direct knowledge of his family members' participation in the Arnold's car fraud scheme." *Id*.

Based on the above, the Court denies Defendant's motion as moot. Defendant is not precluded, however, from making any contemporaneous objections at trial during the testimony of Mr. Haley to the extent Defendant asserts such testimony constitutes inadmissible hearsay or is otherwise inadmissible.

IT IS THEREFORE ORDERED that Defendant Robert W. Arnold's motion in limine [Doc. No. 134] is DENIED.

IT IS SO ORDERED this 11th day of May, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE