## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. CR-14-347-D ) |
| ROBERT W. ARNOLD, | ) ) |
| Defendant. | ) |

**O R D E R**

Before the Court are the motions in limine [Doc Nos. 132 and 133] of Defendant Robert W. Arnold. The government has filed responses [Doc. Nos. 138 and 141].[1] The motions in limine are filed in response to the government's Notice of Intent to Introduce Rule 404(b) Evidence [Doc. No. 67]. In its notice, the government identifies as Rule 404(b) evidence it seeks to offer, co-defendant Richard M. Arnold Sr.'s two prior fraud convictions and a judicial finding that he was malingering during the sentencing phase of the more recent fraud conviction. The government contends this evidence "would be offered to prove the mental state of Mr. Arnold Sr.'s co-defendants – not his conduct" and that "[k]nowledge of prior fraud bears directly on whether the Arnolds believed the scheme charged in Count One was legitimate." *Id*. at p. 4.

In response to the motions in limine and as reiterated by the government at the May 6, 2015, pretrial conference, "because of concerns about prejudice to Mr. Arnold" the government does not intend to offer against any defendant evidence of Richard M. Arnold Sr.'s convictions or

---

[1]The government adopts its response [Doc. No. 125] to the motion in limine of Defendant Robyn Arnold [Doc. No. 87] raising identical issues to those raised in Defendant's motion in limine [Doc. No. 138]. Defendant Robyn Arnold's motion is no longer before the Court based on a plea agreement entered on May 11, 2015. The Court, however, has considered the government's response to that motion because it has adopted that same argument in its response [Doc. No. 138] to the instant motion in limine.

malingering, except under Rule 609 in the event that Defendant Arnold, Sr., testifies. *See* Response [Doc. No. 125] at n. 1; *see also* Response [Doc. No. 138] at p. 1.

Since that time, Defendants Richard M. Arnold, Sr. and Robyn Arnold pleaded guilty and trial will proceed only as to Defendant Robert W. Arnold. At a supplemental pretrial conference conducted on May 11, 2015, the government stated that it anticipates it will only use evidence of Defendant Arnold Sr.'s prior convictions or malingering on cross-examination, if at all.

In its Notice, the government also identifies evidence of federal tax reportings in 2013 and 2014 of Defendants Robyn Arnold and Robert Arnold as "circumstantial evidence" of their knowledge of the illegality of funds received from the conduct underlying the offenses with which they are charged. *See* Notice at pp. 4-5. Defendant moves to exclude such evidence. In the government's response [Doc. No. 141] at p. 2, n. 1, the government clarifies that "it is not aware of any relevant 2014 returns" and, therefore, the focus of the Court's analysis is the admissibility of evidence as to the 2013 tax year. Moreover, at the supplemental pretrial conference on May 11, 2015, the government stated that it will likely only seek to introduce the 2013 tax return of Defendant Robert Arnold.

**I.     Introduction**

Defendants are charged in Count I of the Indictment with conspiracy to commit wire fraud. The other nine counts of the Indictment charge the various instances of alleged wire fraud. Only Count 9 of the Indictment charges Defendant Robert Arnold with wire fraud.

The Court has, in prior orders, addressed the factual context of the charges in greater detail and does not repeat that recitation here. Rather, for purposes of this motion, it suffices to state that the conspiracy relates to an alleged car-purchase scheme by Defendants, Mr. Robert Arnold, Sr., his

wife, Robyn Arnold and their two sons, Robert Arnold and Richard M. Arnold, II.[2] Defendant Richard M. Arnold, Sr., the father, is alleged to be at the conspiracy's helm. Defendants are alleged to have engaged in acts that caused lenders to fund the purchase of new vehicles based on misrepresentations of income from the CECU Trust (the Trust). Based on these alleged misrepresentations, the lenders provided loans in excess of the purchase price of the vehicles. Defendants are alleged to have received these excess loan proceeds from the buyers of the vehicles by fraudulently representing to the buyers that, in return for the excess loan proceeds, the Trust would pay the balance owed on the vehicles.

## II.     **Mr. Arnold, Sr.'s Prior Convictions**

Defendant Richard M. Arnold, Sr. pleaded guilty to wire fraud and providing a false statement to a bank in *United States v. Arnold*, Case No. 4:90-cr-35-1 (E.D. Tex. 1990). Mr. Arnold was convicted on April 24, 1991, more than ten years prior to the commencement of the activity alleged in the Indictment. According to Defendant Richard M. Arnold, Sr., the crimes involved a false statement to a bank in connection with a home loan and the false statement was made in April 1988. He further states that "[t]his offense did not involve either Richard Arnold II, who would have been approximately sixteen months old in April 1988, or Robert Arnold, who was born in 1989. There is no evidence Robyn Arnold was involved in the 1988 offense." *See* Motion [Doc. No. 129] at 4. The government does not refute these statements.

In 2009, Defendant Richard M. Arnold, Sr., pleaded guilty to tax fraud in *United States v. Arnold*, Case No. 5:09-cr-125-F (W.D. Okla. Aug. 10, 2009). According to Defendant Arnold, Sr.,

---

[2]Defendant Richard M. Arnold, II pleaded guilty to Count I of the Indictment on March 24, 2015. As stated, Defendants Robyn Arnold and Richard M. Arnold, Sr. pleaded guilty on May 11, 2015.

3

the offense involved "Mr. Arnold's efforts to evade an Internal Revenue Service levy by placing the title for a vehicle he purchased in the name of a corporation." *See* Motion [Doc. No. 129] at p. 5. After pleading guilty, an issue arose as to Mr. Arnold's mental health. Following a competency evaluation, the Court held a hearing to determine whether Mr. Arnold was competent to be sentenced. The Court found that Mr. Arnold was malingering and that he was, in fact, competent to be sentenced.

**III.    Discussion**

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but such evidence may be admissible to show "intent," "knowledge," or "absence of mistake." *Id*. Four factors govern the admissibility of evidence of other crimes or wrongs under Fed. R. Evid. 404(b): 1) the evidence must be offered for a proper purpose; 2) it must be relevant; 3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and 4) the court must give a proper limiting instruction if it is requested by the defendant. *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007) (*citing Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). Under Tenth Circuit precedent, Rule 404(b) is an inclusive rule and all other crimes evidence should be admitted except that which tends to prove only criminal disposition. *United States v. Watson*, 766 F.3d 1219, 1235 (10th Cir. 2014) (citations omitted).

The government contends the prior conviction evidence is admissible to show Defendant Robert Arnold's knowledge of the unlawful activity charged and to rebut any defense that he was unaware of the illegal nature of the conduct in which Mr. Arnold, Sr. was engaged. As support for

4

the admissibility of the prior convictions, the government likens the family's alleged illegal association to a gang. *See* Response [Doc. No. 125] at p. 7, n. 2 ("Like a criminal gang, the defendants here were bound together by strong personal ties. . . . Mr. Arnold's knowledge of the family leader's criminal background is functionally equivalent to a gang member's knowledge of the criminal activity of his gang's leadership.").

"In a conspiracy case, evidence of other bad acts, subject always to the requirement of Rule 403, can be admitted to explain the background, formation, and development of the illegal relationship and, more specifically, to help the jury understand the basis for the co-conspirator's relationship of mutual trust." *United States v. Escobar-de Jesus*, 187 F.3d 148, 169 (1st Cir. 1999). The parties have cited no case where, as here, the prior conviction of a co-conspirator – rather than a defendant's own prior conviction – is being offered to prove the defendant's knowledge. And, unlike case law cited by the parties, this case does not involve admission of evidence that the defendant was involved in the prior wrongful act along with the co-conspirator. *See, e.g., Watson*, 766 F.3d 1219, 1238 (10th Cir. 2014) (addressing admissibility of witness testimony about the defendant's prior participation with him in drug-related activities and finding such testimony admissible to show defendant's knowledge and intent); *see also United States v. Stitzmann*, 856 F. Supp.2d, 55, 60 (D. D. C. 2012); *United States v. Culver*, 929 F.2d 389, 391 (8th Cir. 1991).

    A.    **The 1991 Conviction**

The Court finds the 1991 conviction is inadmissible. "Rule 404(b) does not authorize the admission of any and every sort of other-act evidence simply because a defendant proffers an innocent explanation for the charged offense." *United States v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993). And, prior acts evidence must be sufficiently similar to the charged crime to render it

5

admissible. *See United States v. Mares*, 441 F.3d 1152, 1157-58 (10th Cir. 2006) (Rule 404(b) evidence is admissible if the previous conduct shares similarity with the charged crime; similarity is assessed on a number of non-exclusive factors including: (1) proximity in time; (2) geographical proximity; (3) whether the charged act and the other act share similar physical elements; and (4) whether the charged act and the other act are part of a common scheme).

The relationship among the defendants does not arise from the illegal activity underlying the 1991 conviction, but from family ties. Significantly, Defendant Robert Arnold had not yet been born at the time the conduct underlying the conviction occurred. The previous conduct lacks proximity in both time and place as to the conduct charged in the Indictment and is not part of a common scheme. The evidence, therefore, lacks sufficient similarity and is not admissible to show the knowledge of Defendant Robert Arnold as to the conspiracy charged. No other proper purpose has been advanced by the government. Moreover, for substantially the same reasons identified, the Court concludes the evidence lacks relevance and its admission would be unduly prejudicial.

B.     The 2010 Conviction

The Court reserves any ruling on the admissibility of the 2010 conviction. The Court notes that in the context of fraud, the Tenth Circuit has upheld the admission of other acts evidence, even when the fraudulent conduct is different in kind. *See United States v. Hudson*, 556 Fed. Appx. 688, 693 (10th Cir. 2014) (collecting cases). But in these cases, it is the defendant's prior fraudulent act that is admitted, not the prior fraudulent act of a co-defendant. Because the government does not anticipate offering the 2010 conviction, except for a limited purpose on cross-examination, the Court reserves any ruling about its admissibility at this time.

## C. Evidence of Defendant Richard Arnold Sr.'s Malingering

The Court also reserves any ruling on the admissibility of evidence of Defendant Richard Arnold Sr.'s malingering. At the May 11, 2015 supplemental pretrial conference, the government stated it did not anticipate offering such evidence as to Defendant Robert Arnold.

## D. Federal Tax-Related Evidence

The government initially sought to introduce evidence that neither Richard M. Arnold, Sr. nor CECU Trust filed any tax return for 2013. The government further sought to introduce the 2013 tax returns of Defendants Robyn Arnold and Robert Arnold on grounds those returns fail to report any income from CECU Trust. As stated, at the May 11, 2015 supplemental pretrial conference, the government now anticipates only introducing the 2013 tax return of Defendant Robert Arnold.

Defendant Robert Arnold contends the evidence is not relevant and is too speculative because "[i]t is just as likely that money not reported on Mr. Arnold's federal tax reports received from the CECU Trust was not reported based on a myriad of other circumstances, facts or beliefs." *See* Response [Doc. No. 133] at p. 2.

In response, the government contends the evidence is admissible as intrinsic evidence. *See Watson*, 766 F.3d at 1235 (discussing admissibility of intrinsic evidence without regard to Rule 404(b)'s prohibitions). The government relies on *United States v. Ryan*, 213 F.3d 347 (7th Cir. 2000) where evidence of the defendant's failure to report income received as "kickbacks" was deemed admissible as intrinsic evidence that defendant acted with intent to deceive, an element of the bank fraud charge at issue. *See id.* at 350. In the alternative, the government moves for its admission under Rule 404(b) to prove "motive intent, plan, knowledge, and absence of mistake." *See* government's Response [Doc. No. 141] at p. 4.

The Court reserves ruling on the admissibility of the tax-related evidence at issue. The record before the Court does not sufficiently demonstrate whether the evidence is relevant, intrinsic to the crimes charged or is otherwise admissible under Rule 404(b). The Court's determination will be informed by presentation of evidence demonstrating Defendant Robert W. Arnold's legal relationship to the Trust, income received by the Trust and distributions, if any, made from the Trust to Defendant during the relevant time period.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine [Doc. No. 132] is GRANTED in part and RESERVED in part as more fully set forth herein.

IT IS FURTHER ORDERED that Defendant's Motion in Limine [Doc. No. 133] is RESERVED as more fully set forth herein.

IT IS SO ORDERED this 11th day of May, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE